

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT T. McGREGOR

JURY DEMAND

VS

CV 01-23-B-M1

HIBERNIA NATIONAL BANK;
STEPHEN A. HANSEL, CEO;
GARY L. RYAN, CORPORATE COUNSEL;
ALL HIBERNIA NATIONAL BANK BRANCH MANAGERS, ASSISTANT MANAGERS,
    EXECUTIVE and/or ADMINISTRATIVE PERSONNEL;
ALL HIBERNIA NATIONAL BANK PHYSICAL PLANT SUPERVISORS and their PERSONNEL;
ALL HIBERNIA NATIONAL BANK BUILDING CONTRACTORS and their EMPLOYEES;
ALL HIBERNIA NATIONAL BANK BUILDING MAINTENANCE PERSONNEL;
ALL HIBERNIA NATIONAL BANK RETAIL or COMMERCIAL LOAN, MORTGAGE, CREDIT,
    or FINANCE PERSONNEL and/or ALL "SERVICE" PERSONNEL in LOUISIANA;
ALL HIBERNIA NATIONAL BANK OFFICES and/or LOCATIONS in LOUISIANA; and,
THE ENTIRE HIBERNIA NATIONAL BANK BOARD OF DIRECTORS.

## COMPLAINT

This complaint alleges a continuous deliberate, intentional, and egregious pattern or practice of "discriminatory treatment" with malice, and denial of, the full use of and equal enjoyment by severely disabled, mobility impaired, pro se plaintiff Robert T. McGregor of the goods, services, facilities, privileges, advantages, and accommodations offered by "HIBERNIA NATIONAL BANK, et al" (HIBERNIA) based solely upon his "alleged" physical disabilities and being mobility impaired necessitating the use of a wheelchair.

"McGREGOR" alleges that his rights under Title II of the Civil Rights Act of 1964 (Public Accommodations Act), 42 U.S.C. §§ 2000a et seq., were purposefully and intentionally violated, with malice; and, he has suffered "damages."

"McGREGOR" alleges that his rights under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. §

12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1991; and the Rehabilitation Act of 1973, and the Louisiana Civil Code (in particular LSA 2315) were purposefully and intentionally violated, with malice; and, has suffered serious "damages:" physical, emotional psychological, etc.

## JURISDICTION

This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000a-3(a) and 2000a-5(a) and 28 U.S.C. § 1345; "), 42 U.S.C. §§ 12101 - 12213; section 302(a) of 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(iv); section 308(b) of 42 U.S.C. § 12188; 42 U.S.C. §§ 12131 - 2134; 42 U.S.C. § 12203(b); and 28 U.S.C. 1331 and 1335; The Civil Rights Act of 1964; The Civil Rights Act of 1991; Section 504 of the Rehabilitation Act of 1973, as well as pendant jurisdiction of numerous intentional violations with malice of the Louisiana Civil Code (in particular LSA 2315).

## VENUE

Venue is proper in the Middle District of Louisiana because "most," but not all, of the pain and suffering of the claims alleged herein arose in the Middle District; the Defendants "do business in the Middle District;" and all "attempted" contractual agreements were made and/or finalized in this District.

## PARTIES

Defendants HIBERNIA are places of public accommodation under 42 U.S.C. § 2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. § 2000a(c)(1); Federal and State funds are taken to "operate" theses facilities. Medicare and Medicare funds are deposited, and used, to operate HIBERNIA.

HIBERNIA, to the best of McGregor's knowledge, understanding and belief, are "Title III" facilities that are "open to the public at large," are engaged in the delivery of "goods and services" locally as well as across state lines; advertise on the local medias,; give "trinkets" to the general public at large for opening accounts there, contract from and for "other" Title III facilities, and therefore, subject to litigation.

2

Plaintiff McGregor, ("McGREGOR") has standing as a "severely disabled" attempted potential client" of HIBERNIA; is above the age of majority; has a record of being "considered" and/or "regarded as" physically disabled; and "appears" to exhibit the intellectual capacity and/or mental ability to "move forward" in a Court of competent jurisdiction to protect his rights. Therefore, McGREGOR has "allegedly" retained his mental capacity despite his physical maladies.

## TITLE II VIOLATIONS

HIBERNIA are places of public accommodation under 42 U.S.C. § 2000a(b)(1) and affect commerce within the meaning of 42 U.S.C. § 2000a(c)(1); Federal and State funds are used and/or co-mingled to "operate" theses facilities with fire inspection services, and city parish and state business permits, city parish and state "accounts," as well as sale and/or profit from sale of US Stamps in the past with machines in the lobby, as well as receive a small percentage for handling Medicare Direct Deposit Funds, and Medicaid funds.

McGREGOR suffered "permanent damages" as a result of HIBERNIA'S purposeful, deliberate, and intentional with malice, continuous and on-going, systematic failure to comply with City Parish, State, and Federal laws when it comes ADAAG compliant parking, entrance ramps, van accessible parking, safe and/or ADAAG compliant entrance ways and thresholds, to the safety and/or evacuation of wheelchair clients in an emergency (some compenseable, some irreparable) repeatedly since 1997 when he personally advised that location of its ADAAG violations throughout 1997, 1998, 1999, and in the year 2000, as well as now in 2001; with no "reasonable" accommodations as required by law, and notified their Broadmoor Branch, Old Hammond and Millerville Road Branch, as well as Downtown Baton Rouge location, numerous New Orleans locations, as well as Mr. Stephen A. Hansel (CEO) and Mr. Gary L. Ryan (Senior Corporate Counsel) in New Orleans on "numerous occasions," of their "intentional lacking of ADAAG Compliance and/or intentional violations of Federal law, to no avail, which gave him the impression that continued "futile" complaining would be nothing better than a senseless waste of time and energy.

3

## TITLE III VIOLATIONS

HIBERNIA operates numerous locations in Baton Rouge, and in New Orleans, Louisiana, as well as within the Middle District, Fifth Circuit jurisdiction.

HIBERNIA also contracts with various Title III vendors for clients "goods and services," as well as ships products across state lines.

McGREGOR repeatedly notified HIBERNIA, his family personal choice for complete banking services since their move to the Baton Rouge market, in particular, throughout 1997, 1998, 1999, and the year 2000, as well as now into the year 2001, on at least twelve (30+) separate occasions with comments as well as color photographs of his suffering "damages" in non-accessible parking spaces, "damages" in non-ADAAG compliant parking lots, "damages" in or on non-accessible non ADAAG compliant entrances without ramps, "damages" on and in non-accessible non ADAAG compliant entrances with non-ADAAG compliant "alleged ramps," damages" by non-accessible non-ADAAG compliant doors, "damages" at or in non-accessible spaces or on non-accessible ramps that were purposefully, and intentionally designated as accessible, etc, at various HIBERNIA locations.

McGREGOR has attempted to resolve these matters in a professional manner in person years ago with HIBERNIA officials and/or employees, to no avail.

Rather than properly correct their previously well known of and documented ADAAG violations, HIBERNIA intentionally, purposefully, and deliberately with malice "decided" on an even much more dangerous, fearful, and life threatening set of obstacles at numerous branch locations that will forevermore guarantee McGREGOR being denied "goods and services" based on his physically disabling medically necessary wheelchair condition.

These "physical as well as emotional scars" will forever prevent McGREGOR from ever conducting "reasonable" banking business; i.e., personal, professional, or family estate related; in person again, thus permanently denied "goods and services" as a result of the alleged "intentional discrimination" with malice.

4

Now, McGREGOR simply refuses to subject himself to the additional public embarrassment, humiliation, and fear for his personal safety and/or life again with any additional futile "attempts" to reason with HIBERNIA without this Court, and must respectfully request the immediate involvement by this Honorable Court for a quick and speedy Jury Trial, seeking truth and justice, as well as "equitable relief."

And recently, Hibernia Counsel wrote:

> {sic} *We believe Hibernia National Bank has been, for some time,*
>
> *in full compliance with the Act . . .*
>
> *If you would provide me with more details as to the violations*
>
> *of the Act you believe exist . . .*
>
> *. . . I shall better to respond to your request.*
>
> *Sincerely,*
> *Gary L. Ryan*

Mr. Gary L. Ryan, as the Senior Counsel for HIBERNIA, and either "knew or should have known," all applicable Federal ADAAG and regulations well in advance of McGregor's "first" communication.

In closing, "The ADA is aimed at protecting persons with disabilities." (including McGREGOR) "As stated in relation to the Rehabilitation Act, which in this Court's belief is equally applicable here, discrimination against the handicapped was perceived by Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference -- of benign neglect."

HIBERNIA knew of and should have corrected ALL ADAAG violations prior to opening their doors at any location in the year 2001.

Even that "basic and most reasonable standard" is woefully inadequate in this particular instance. The "benign neglect" should be seen by this Honorable Court as clear and convincing, "deliberate, belligerent, purposeful, and intentional (with malice), benign stupidity" for well known Federal Law and the Civil Rights of McGREGOR.

5

## Prayer For Relief

Wherefore, pro se in proper person plaintiff McGREGOR prays that the Court enter an Order:

1. That McGregor be granted leave to prosecute the proceeding to conclusion without prepayment of costs or security therefore because of his inability to pay the costs of this action as they accrue; i.e., IN FORMA PAUPERIS status;

2. Declaring that the discriminatory practices of the Defendant violates Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

3. Declaring that the discriminatory practices of the Defendant violates Title III of the Americans with Disabilities Act of 1990, et seq.; The Civil Rights Act of 1991; and the Rehabilitation Act of 1973, as well as violations of the Louisiana Civil Code (in particular LSA 2315) under pendant jurisdiction.

4. Enjoining Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, on the basis of race or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

5. That this Honorable Court issue appropriate preliminary or permanent injunctive relief restraining defendants; their officers, successors, assigns, agents, employees, and all persons in active concert and/or participation with them, from punishing, threatening, harassing, deterring, discouraging, or otherwise interfering with plaintiff and/or his family, in the exercise of his rights under the ADA or any other applicable federal regulation and laws.

6. Requiring the Defendant, its officers, employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct;

7. For compelling public concern, that this Honorable Court grant injunctive relief immediately to bring ALL of defendants facilities in the entire Fifth Circuit into full and immediate ADA compliance which do not discriminate against any qualified individual with disabilities (McGregor), or any other "mobility impaired" individual (McGregor) seeking "goods and services;"

8. That McGREGOR be awarded compensatory and punitive damages from EACH of the above named violators, individually and singularly, with penalties and interests, in the amount of:

    A. Mental anguish, emotional distress, and pain and physical suffering ... $25, 000, 000.‰

    B. Inconvenience........................................................................................ $25, 000, 000.‰

    C. Loss of enjoyment of life, and non-pecuniary losses ......................... $25, 250, 000.‰

    D. Punitive damages for intentional acts of discrimination ..................... $25,750, 000.‰

6

FOR A SUB TOTAL OF **$101, 000, 000.‰** (one hundred one million dollars) EACH x (10) TEN EQUALS A GRAND TOTAL OF **$1, 010, 000, 000.‰** FROM ALL PARTIES COMBINED.

(ONE BILLION TEN MILLION AND 00/100 DOLLARS)

9. Payment of all amounts requested, as well as full payment for the cost(s) of discovery, investigation, preparation, film, processing, reasonable professional services and/or photographic expert witness fees, court preparation costs and of filing this action, "other" expert witness fees, court costs if any, and travel;

10. A CIVIL PENALTY in the amount of $50,000.00 for the first violation; then $100,000.00 for EACH subsequent violation McGregor can identify, to be PAID directly to the U.S. Government, with a maximum cap of $ 250 MILLION in FINES;

11. McGregor also further prays for such additional relief as the interests of justice may require, together with all of his costs and disbursements of this action, including penalties and interest;

12. McGregor respectfully requests of this Honorable Court that all parties it determines should be served, be done by U.S. Marshal with Form 285, thus "protecting" pro se plaintiff from any potential "hostility," frustration, anger by defendants, and/or confrontation; and, for the known fact that defendants facilities are not in valid ADAAG compliance and/or fully wheelchair accessible to him;

13. That this Honorable Court will not delay, but encourage McGregor's request for Congressional Inquiry and/or sweeping investigations by US DOJ Officials to demand full ADA Compliance by all banking establishments.

Submitted by:

*Robert T. McGregor*

Robert T. McGregor
  Pro Se In Proper Person
  1440 Montgomery Drive
Baton Rouge, LA 70815-6830
(225) 273-0763 (voice)
(225) 275-6432 (24 hr FAX)

*2 Jan. 2001*

CERTIFICATE OF MAILING

I, Robert T, McGregor, herby certify that a copy of the foregoing has been served upon Mr. Gary L. Ryan, Senior Corporate Counsel, Hibernia National Bank, P.O. Box 61540, New Orleans, LA 70161-1540; tel. (504) 533-5560; also believed to be defendants Agent for SOP, postage prepaid, properly addressed, this 3rd day of January 2001.

*Robert T. McGregor*
　　　　　　　　　　　　　　　　　　Robert T. McGregor

7